UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20783-CIV-HOEVELER

YAKOV LONDON,

      Plaintiff,

v.

VLADIMIR DUBROVIN, an individual,
ROGERIO B. LIMA, an individual,
and SOUTHEAST JET GROUP, INC.,
a Florida corporation,

      Defendants.

_____/

## ORDER ON PENDING MOTIONS

THIS CAUSE comes before the Court on several pending motions, including motions to dismiss filed by Defendants Dubrovin and Lima, and the Defendants' request for an extension of sixty days as to all dates in the scheduling order. The Court has reviewed the motions and enters the following rulings.

## BACKGROUND

According to the Second Amended Complaint, the plausible allegations of which are accepted as true for the purposes of ruling on the pending motions to dismiss, Plaintiff Yakov London entered into an oral agreement with Defendant Vladimir Dubrovin relating to the sale and purchase of an aircraft. Plaintiff, a resident of Russia, and Dubrovin, a resident of Pennsylvania, entered into their oral agreement in 2005 in Miami-Dade County; the agreement was to form the

corporation Air Nova, Inc.

Air Nova, Inc., was created to purchase, operate and sell passenger jet aircraft for London. Sec. Am. Compl., ¶¶ 1,2. Both London and Dubrovin - who are family members - were directors and shareholders of Air Nova. Id., ¶¶ 11, 18. In December 2005, Defendant Southeast Jet Group, Inc., sold a used aircraft to Air Nova, Inc., for $1,835,000 (the purchase funds were from London). Id., ¶¶ 6, 12. Defendant Rogerio B. Lima is the President of Southeast Jet Group. Three years after the aircraft was purchased,[1] Plaintiff London instructed Defendant Dubrovin to sell the aircraft at market value and send him the proceeds. Id., ¶ 15. Defendant Southeast then brokered a sale of the same aircraft to non-party Wells Fargo Bank Northwest, National Association, for $550,000. Id., ¶ 8. According to Plaintiff, Defendants Dubrovin and Lima knew that the actual market value of the aircraft in late 2008 was between $950,000 and $1,200,000. Id., ¶¶ 20, 21. Plaintiff alleges that Defendant Southeast Jet Group used non-party Wells Fargo Bank (as Trustee of a Trust created approximately one week prior to the sale of the aircraft[2]) to buy the aircraft for only $550,000 and then later brokered a sale of the aircraft again for its actual market value, thereby profiting from the alleged fraudulent "back-to-back" sales transaction. Id., ¶¶ 24, 25, 31. Specifically, Plaintiff alleges that

---

[1] According to the complaint, the aircraft had been customized for use by London, who relies on a wheelchair, and the aircraft was used only sparingly. Sec. Am. Compl., ¶¶13, 14.

[2] Plaintiff alleges that the nature of the sale was secretive, and the identity of the buyer is unclear from the bill of sale.

2

Defendant Southeast Jet Group bought the aircraft for a price "well below its known market value and [then quickly] sold it for its market value." Id.

Plaintiff also complains that Defendant Dubrovin unnecessarily delayed nearly one year in sending any funds from the sale of the aircraft to Plaintiff. Id., ¶¶ 27, 28. Plaintiff brings this action for breach of contract, fraudulent misrepresentation, breach of fiduciary duty, and conversion against Defendant Dubrovin, and also sues Defendant Southeast Jet Group - and Defendant Lima, as the alter ego of the corporation - for aiding and abetting the alleged fraud. Defendants Dubrovin and Lima seek dismissal.

## ANALYSIS

Defendant Dubrovin seeks dismissal of all four Counts brought against him. The Court has reviewed the allegations in Plaintiff's Second Amended Complaint, and finds that Plaintiff has at least minimally satisfied the pleading standards as to these Counts.

To prevail on a breach of contract claim, a plaintiff must establish that there was a valid contract, a material breach, and damages. Merin Hunter Codman, Inc. v. Wackenhut Corrs. Corp., 941 So. 2d 396, 398 (Fla. 4th DCA 2006). Plaintiff has alleged that he and Defendant Dubrovin entered into an oral agreement, Sec. Am. Compl., ¶¶ 4, 36,[3] and that certain actions took place pursuant to that agreement,

---

[3]The Statute of Frauds bars enforcement of oral contracts which by their terms are not to be performed within a year. Yates v. Ball, 132 Fla. 132 (Fla. 1937).

3

Id., ¶¶ 11, 12, 15, 18, 29. Plaintiff also alleges that the agreement was breached and that damages resulted. As such, Plaintiff has met the pleading standard and dismissal is unwarranted at this time.

As to the alleged breach of fiduciary duty, Plaintiff argues that there was never any intention that the corporate entity, Air Nova, benefit from the transaction - as the purchase funds came from London and the sale proceeds were to go to London - and, thus, there is no basis to claim that Dubrovin breached his fiduciary duty to his co-shareholder London. Defendant also argues that the factual allegations are insufficient to establish that London was a weaker party and relied on Dubrovin in such a manner as to create a fiduciary relationship. Plaintiff responds that he has alleged that Dubrovin, as a director and shareholder of Air Nova, owed Plaintiff - also a director and shareholder of Air Nova - a fiduciary duty, and also that Plaintiff was the weaker party in that he resides in Russia and relied on Defendant to buy and sell the aircraft. The Court has determined that Plaintiff has stated his claim sufficiently to survive at this stage of the proceedings.

As to the alleged fraudulent misrepresentation, Plaintiff alleges that he justifiably relied on the statements by Dubrovin that he intended to sell the aircraft at market value, and that such reliance resulted in damages (the loss of profit). Specifically, Plaintiff alleges that Defendant Dubrovin "intended for London to rely

---

The terms of the purported agreement here are unclear, but it appears that the agreement could have been performed within one year; as such, the Court does not find that dismissal pursuant to the Statute of Frauds is required.

on these false statements" that he would sell the aircraft at market value "after determining the market value with the assistance of an experienced aircraft broker" in order to allow Dubrovin to sell the aircraft for well below what was the fair market value. Id., ¶¶ 16-17. The Court finds a sufficient factual basis in the complaint's allegations to support this claim and has determined that dismissal is not required at this time.

While it appears that London and Dubrovin may have had a separate agreement relating to a loan of the delayed funds, the Court relies solely on the allegations in the present complaint in deciding the motion to dismiss. Having determined that a sufficient claim for conversion by Defendant Dubrovin has been stated, the Court concludes that Defendant Dubrovin's motion to dismiss should be denied.

As to the allegations against Defendant Lima, the Court finds that Plaintiff has alleged a sufficient basis to proceed. Plaintiff has alleged the existence of a fraud and that Defendant Lima knew of the fraud and provided substantial assistance in the commission thereof. While there are no allegations of specific statements made by Lima, and only general descriptions of actions taken by Lima, Plaintiff alleges that Lima knew the fair market value of the aircraft, Id., ¶ 21, at the time it was sold for approximately half that value by Air Nova, and then that Lima "knowingly and willfully sold the subject aircraft for far below its actual known market value as part of a scheme to defraud London." Id., ¶ 66. Plaintiff also alleges that Lima - as President and majority shareholder of Defendant

Southeast Jet Group - acted for the corporation at all times, Id., ¶5. Thus, the Court finds that Plaintiff has at least minimally alleged an action for aiding and abetting the fraud, and that Lima shall proceed to answer the complaint.

Based on the above, it is

ORDERED AND ADJUDGED that the motions to dismiss filed by Defendant Dubrovin (ECF No. 32), and by Defendant Lima (ECF No. 44) are DENIED. In addition, Defendant Dubrovin's Motion for Extension of Time and to Amend Scheduling Order (ECF No. 34) is GRANTED.[4] The Court will issue a new scheduling order with revised dates.

In addition, Plaintiff's Motion to Withdraw (ECF No. 54) the Joint Pre-Trial Stipulation is GRANTED.[5]

DONE AND ORDERED in Chambers in Miami this 27th day of February 2014.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:   counsel of record
             Magistrate Judge O'Sullivan

---

[4] The Motions to Adopt filed by Defendant Southeast Jet Group (ECF No. 52) and Defendant Lima (ECF No. 53) are GRANTED.

[5] Defendant Dubrovn's Motion to Strike (ECF No. 51) the Stipulation is DENIED, as MOOT.